# Morris, Appellant, *v.* Ellwood.

*Mortgage—Agreement as to prior mortgage—Payment of interest—Payment for fire insurance.*

1. The general principle is that interest runs only from the date when a debt is due, but this rule is not to be applied in the face of an express undertaking for the payment of interest pending the maturity of the debt, and, in determining whether such an undertaking is expressed in a contract, all its parts must be considered.

2. Where the mortgagor in a second mortgage which is without due date, covenants to pay interest from the date thereof, and assumes to pay the first mortgage (given by the mortgagee in the

second mortgage) which is of smaller amount, and to perform all the conditions and stipulations therein, and it is provided that if the first mortgage is paid off by the first mortgagor, then the amount thereof is to be included in the second mortgage, the first mortgagor, on payment of the first mortgage, is entitled (as mortgagee in the second mortgage) to the principal of the first mortgage and to repayment from the second mortgagor for all the payments of interest made by him, the first mortgagor, on the first mortgage from its date to the time when he paid it off.

3. In such case the first mortgagor cannot recover payments made by him for fire insurance under the first mortgage during its continuance, if the second mortgage does not either expressly or impliedly require repayments thereof.

Argued September 26, 1922. Appeal, No. 161, Oct. T., 1922, by plaintiff, from judgment of C. P. Westmoreland Co., Nov. T., 1920, No. 451, for defendant, on case-stated, in suit of *Elijah E. Morris v. E. R. Ellwood.* Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed in part.

Case-stated to determine amount due on mortgage. Before COPELAND, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendant. Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*Albert H. Bell,* with him *J. Clarke Bell* and *Jerry E. Debolt,* for appellant.

*William S. Rial,* with him *H. E. Marker,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 3, 1923:

The court below entered judgment for defendant on a case-stated and plaintiff has appealed.

By deed dated May 1, 1913, plaintiff took title to the real estate which gave rise to this controversy: January 28, 1914, he executed a mortgage thereon in the sum of $8,000 to a certain life insurance company, whereby he

covenanted to pay the mortgagee,—during the term of ten years, if he (the mortgagor) should so long live,—the amounts mentioned in an agreement accompanying the mortgage and also to keep the improvements on the land insured for "the benefit of the said mortgagee."

By deed dated March 25, 1914, plaintiff and wife conveyed the mortgaged premises to E. R. Ellwood, the present defendant, for one dollar and other valuable considerations. To secure the payment of $12,000, the balance of the purchase money due plaintiff, defendant executed and delivered to the former a judgment bond and mortgage, dated April 4, 1914, on the property thus acquired. The bond provided that, if Ellwood should pay or cause to be paid to Morris, his executors, etc., the "sum of twelve thousand dollars, with interest thereon from date hereof at six per cent per annum, payable annually, and, until the said indebtedness shall have been fully paid, shall also pay all premiums and charges for such insurance on the buildings on the land described in the accompanying mortgage as shall from time to time be taken out by the said obligee, or his assigns, to better secure the said debt and interest; and all taxes and municipal claims, with penalties and costs, against the mortgaged premises as soon as possible, which, if paid by the obligee, or his assigns, may be added to said real debt; then this obligation" shall be void, etc.

The mortgage, securing the payment of the above bond, after reciting the debt, the agreement to pay interest, and the insurance covenant, contains a "proviso," on which defendant largely relies. This part of the contract between the parties reads thus: "It is expressly ......agreed by and between the parties hereto that $8,000 of the within mortgage is for the same debt of $8,000 [mentioned] in the mortgage now on the premises herein described, given by Elijah E. Morris to the United Security Life Insurance Company of Pennsylvania, dated January 28, 1914,......which latter mortgage the said Elijah E. Morris assumes, and [he] agrees to pay and

perform all the conditions and stipulation therein, and, upon compliance with the same and the payment and satisfaction thereof, then the $8,000 included in this mortgage [is] to become due and payable to the said Elijah E. Morris, but if the said Elijah E. Morris, his heirs, etc., fail to pay and perform any or all of the conditions and stipulations in said mortgage, then the same to be paid and performed by the said E. R. Ellwood, his heirs, etc., and all moneys paid or expended for or on account of the same to be allowed, as a credit, upon this mortgage, and deducted from the principal herein in full payment and satisfaction of said amount." There are no terms in this instrument, other than those already mentioned, which fix a date when the bond and mortgage in suit, or any part of the debt thereby secured, shall become due.

On February 20, 1919, Morris paid off and had satisfied of record the underlying mortgage of $8,000 (hereinafter called the first mortgage). April 22, 1919, execution was issued on a judgment entered upon the bond accompanying the $12,000 mortgage (hereinafter called the second mortgage), to recover an $8,000 balance of principal admittedly due thereon ($4,000 of said mortgage, with interest upon the same from April 4, 1914, having been paid July 17, 1916), together with interest from its date of issue (April 4, 1914) to the date of satisfaction of the first mortgage (February 20, 1919), amounting to $2,341.33; in addition, it was sought to recover $1,137, the cost of fire insurance on the mortgaged premises, which plaintiff alleged he had paid up to the time of the satisfaction of the first mortgage, and also $233.12, interest on this latter item.

Defendant claimed that he was liable for only legal costs and the $8,000 balance of principal, with interest from February 20, 1919, the day the first mortgage was paid off, but that he was not liable for the insurance item above referred to; he, therefore, made application to pay into court $3,711.45, covering the above-mentioned items, aggregating that sum, and prayed that, on payment of

the $8,000, with interest from February 20, 1919, and costs, the mortgages in suit and the judgment upon the bond accompanying it, be ordered satisfied. These payments being made, it was decreed accordingly, and a case-stated, containing the facts already recited, was agreed upon, in which Morris is named as plaintiff and Elwood as defendant; therein it is submitted, for the opinion of the court, in the nature of a special verdict, whether Morris is entitled to the full $3,711.45, or, if not, how much thereof he should recover.

The particular legal points for decision are set forth in the case-stated as follows: "The dispute between the parties is whether or not Ellwood is required to pay interest to Morris on $8,000 of said [$12,000] mortgage from April 4, 1914, its date, or only from February 20, 1919, the date of payment and satisfaction of the first mortgage and [whether he must pay] the insurance thereon up to the time of its satisfaction, alleged to have been paid by the said Morris." In other words, Ellwood admits the indebtedness of $8,000 (the balance of the second mortgage) with interest thereon from February 20, 1919, (all of which he has paid), but denies that he owes interest from April 4, 1914, to February 20, 1919, as claimed by Morris; and "he also denies that he owes the said Morris any sum or sums of money for or on account of any insurance on the buildings upon said premises......which said Morris paid under his covenants in the [first] mortgage."

As to the claim for insurance payments, these,—so far as the case-stated shows,—were made by plaintiff under his covenants in the first mortgage, and since the second mortgage, executed by defendant, does not, either expressly or impliedly, require the latter to repay the costs of such insurance to the former, the court below properly decided against this particular claim.

So far as the claim for interest is concerned, a different question is presented. When deciding against plaintiff's right to recover this item, the learned court below erred in conceiving that the "disposition of the case-

stated" depended "entirely upon the construction to be
given the 'proviso' in the [second] mortgage." It is true
that, according to the proviso, $8,000 of this last men-
tioned mortgage (being the one in suit) did not become
due until February 20, 1919, the date the first mortgage
was paid off and satisfied, and that the general principle
is interest runs only from the date when a debt is due;
but this rule is not to be applied in the face of an express
undertaking for the payment of interest pending the
maturity of the debt, and, in determining whether such
an undertaking is expressed in the contract before us, the
proviso cannot be read by itself, but must be considered
in the light of other parts of the writings. When this
course is pursued, we find, first, an express covenant to
pay interest on the whole $12,000 second mortgage debt
(including the $8,000 thereof here in question), from
April 4, 1914, the date of the mortgage; then, in a sub-
sequent proviso, we find stipulations to the effect that
$8,000 of the principal just mentioned shall not be due
until a certain thing occurs at a future time, viz, the
payment and satisfaction of the first mortgage for that
amount. Had nothing been said in the second mortgage,
and the bond accompanying it, about paying interest
from "the date hereof," this "future time" might have
been the controlling date,—from which interest on the
$8,000, then to become due, would have run,—but, as the
contract stands, both of its parts (the agreement to pay
interest on the whole $12,000 and the terms of the pro-
viso) can, and therefore must, be read as not conflicting.
In other words, the proviso is not intended to modify the
previous stipulation for payment of interest; it has to
do with the principal, which,—were it not for the pro-
viso,—would have been payable on demand, no due date
being mentioned in the prior parts of the contract. The
bond and second mortgage plainly provide that interest
shall be payable from the date thereof, and the proviso
does not expressly state anything to the contrary; hence
plaintiff is entitled to the interest claimed by him.

To the extent indicated, the assignment of error is sustained; the record is remitted to the court below with directions to enter judgment in favor of appellant for the interest, in accordance with the views above expressed, but not to include therein anything for the insurance item claimed by plaintiff.